**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| TANYA BROWN,<br><br>   Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>   Defendant. | Case No.  EDCV 07-1242 AGR<br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff Tanya Brown  ("Brown") filed a Complaint on September 26, 2007. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on October 28 and 29, 2007.  The parties filed a Joint Stipulation ("JS") on May 19, 2008, that addresses the disputed issues in the case.  The Commissioner filed the certified administrative record ("A.R.").  The Court has taken the Joint Stipulation under submission without oral argument.

  Having reviewed the entire file, the Court concludes that the decision of the Commissioner is reversed and remanded for calculation of benefits beginning October 22, 2002.

///

///

# I.

# **PROCEDURAL BACKGROUND**

On October 4, 2001, Brown filed an application for Supplemental Security Income benefits.  A.R. 340-342.  The Commissioner denied the application initially and upon reconsideration.  AR 249-252, 255-258.  Brown requested a hearing on November 22, 2002.  A.R. 259.  The Administrative Law Judge ("ALJ") conducted a hearing on February 3, 2004.[1]  A.R. 749-788.  On March 8, 2004, the ALJ issued a decision denying benefits.  AR 227-236.  The ALJ concluded that Brown "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision."  A.R. 236 (citation omitted).

Brown filed a request for review of the ALJ decision.  AR 294.  On August 26, 2004, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ.  A.R. 300-303.  On remand, the Appeals Council directed the ALJ to update clinical treatment source evidence, address lay witness statements with reasons for the weight accorded them, further evaluate Brown's mental impairment, further consider Brown's maximum residual functional capacity for the entire period, and obtain supplemental evidence from a vocational expert if warranted.  A.R. 302.

On October 20, 2004, the same ALJ conducted a supplemental hearing.  A.R. 789-819.  On December 14, 2004, the ALJ issued an opinion denying benefits.  A.R. 237-243.  The ALJ again concluded that Brown "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision."  A.R. 243 (citation omitted).

On December 17, 2004, Brown filed a request for review of the ALJ's December 14, 2004, decision.  A.R. 318.  On January 31, 2006, the Appeals Council again vacated and remanded the ALJ's decision for further consideration.  A.R. 321-323.  The

---

[1]  In the Joint Stipulation, the parties state that the hearing was conducted on January 3, 2004, citing to the same pages of the Administrative Record.  An examination of the transcript, however, confirms that the hearing was conducted on February 3, 2004.

Appeals Council specifically directed an evaluation of the medical opinions of Brown's treating, examining and reviewing physicians, among other orders including that the case be assigned to another ALJ.  A.R. 322.

On July 13, 2006, the new ALJ conducted a supplemental hearing at which Brown, two medical experts and a vocational expert testified.  A.R. 820-851.  On March 19, 2007, the new ALJ issued an order denying benefits.  A.R. 13-20.  The new ALJ concluded that Brown "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision."  A.R. 19 (citation omitted).  On April 23, 2007, Brown filed a request for review.  A.R. 11.  On July 27, 2007, the Appeals Council denied the request.  A.R. 8-10.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. ALJ's Findings

Brown has the following severe impairments: "a depressive disorder not otherwise specified and a psychophysiological reaction to the claimant's physical condition as well as multiple sclerosis, bilateral carpal tunnel syndrome and disorder of the cervical spine." A.R. 17. Brown has the residual functional capacity for:

> a narrow range of light work including the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, pushing and pulling limitations consistent with lifting and carrying limitations, standing and/or walking 6 hours out of a given 8 hour period and sitting in an unrestricted manner. The claimant must be permitting to change positions during a normal workday every hour and cannot perform work requiring balancing, climbing ladders, ropes or scaffolds, requiring greater than occasional reaching above the head bilaterally, moving her head to extreme ranges of motion or causing her head to be in a fixed position greater than one hour before permitting her to change position. The claimant is precluded from work requiring greater than frequent movement of her neck to 50 percent range of motion and is precluded from work

>requiring the use of vibratory tools, work around dangerous, fast-moving machinery, unprotected heights or pools of water. No power or forceful gripping, power torquing or twisting or greater than occasional extension/flexion bilaterally is warranted.  Mentally, the claimant is able to perform four to five step moderately complex work requiring no safety operations.  In addition, the claimant is precluded from high production, high quota or rapid assembly line type work.

A.R. 17.  The ALJ found that Brown could perform her past work as a cashier as generally performed in the national economy.  A.R. 19.  Alternatively, "there are numerous light, unskilled jobs which the claimant can perform which exist in significant numbers in both the regional and national economies pursuant to the vocational expert's testimony."  A.R. 19.

### C. ALJ's Consideration of Dr. Thong's Opinions

Brown contends that the ALJ failed to comply with the Appeals Council's remand order of January 31, 2006.  Specifically, Brown argues that (1) the ALJ disregarded the opinion of treating physician Dr. Thong (including his medical assessment dated October 1, 2003); (2) the ALJ failed to consider another treating physician, Dr. Hensley, whose opinion pre-dates the alleged onset date; (3) the ALJ failed to consider an examining physician's opinion (Dr. Moore), which pre-dates the alleged onset date; (4) the ALJ failed to consider the opinion of a State Agency physician (Dr. Meek) dated February 13, 2002; (5) the ALJ failed to mention an examining physician's opinion that "[t]here certainly may be changes in the patient's clinical and functional status over time given the unpredictability of her underlying illness;" and (6) the ALJ failed to consider the opinion of a psychiatric consultative examiner (Dr. Smith) dated December 17, 2001.[2]

---

[2] Because consideration of Dr. Thong's opinions is dispositive, it is unnecessary to address the other arguments raised by Brown.

As Brown notes, there is no dispute that Brown has multiple sclerosis. JS 7. However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir 1993). A claimant must show that she is precluded from engaging in substantial gainful activity by reason of her impairments. *Id.* (citing 42 U.S.C. § 423(d)(1)(A)).

Where, as here, the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors including the following: (1) length of the treatment relationship and frequency of examination;[3] (2) nature and extent of the treatment relationship;[4] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) consistency with record as a whole; and (5) the specialty of the physician providing the opinion. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); 20 C.F.R. § 404.1527(d)(1)-(6).

Social Security Ruling 96-2p explains that "a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. . . . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." *Orn*, 495 F.3d at 631-32 (quoting SSR 96-2p).

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Id.* at 631. To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by

---

[3] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(I).

[4] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(ii).

6

1  substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When
2  a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject
3  this opinion without providing specific and legitimate reasons supported by substantial
4  evidence in the record. This can be done by setting out a detailed and thorough
5  summary of the facts and conflicting clinical evidence, stating his interpretation thereof,
6  and making findings." *Orn,* 495 F.3d at 632 (citations and internal quotations omitted).

7  The ALJ expressly considered three of Dr. Thong's reports dated May 6, 2001,
8  September 27, 2001 and October 22, 2002. A.R. 17, 718-720 & Second Supplemental
9  Certified Administrative Record filed November 5, 2008 ("Second Supplemental A.R.").
10 The ALJ acknowledged at the hearing that if he gives Dr. Thong's opinions controlling
11 weight, Brown would be disabled. A.R. 846.

12 The ALJ did not mention or address Dr. Thong's report dated October 1, 2003.
13 *See* A.R. 644-646. This error was not harmless.

14 The ALJ stated that he accorded Dr. Thong's opinions "no probative value" for
15 three reasons: (1) Dr. Thong's opinions were check-the-box reports or pre-printed
16 forms; (2) Dr. Thong's functional capacity assessments were not supported by objective
17 findings, diagnostic criteria or laboratory testing; and (3) Dr. Thong indicated the need
18 for a cane whereas Brown and others stated that a cane was necessary only when she
19 is out for long period of time. A.R. 17-19.

20 As to the ALJ's first reason, it is true that an ALJ may properly discount a treating
21 physician's check-the-box opinions. *Batson v. Commissioner of the Social Security*
22 *Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected treating
23 physician's conclusory check-list report); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir.
24 1996) (ALJ may reject check-off reports that did not contain explanations for
25 conclusions). The ALJ correctly characterized Dr. Thong's two reports in 2001.
26 However, Dr. Thong's reports dated October 22, 2002 and October 1, 2003 are not
27 check-the-box reports. Although these two reports are handwritten on pre-printed
28 forms, Dr. Thong wrote findings based on his observations, ratings, and tests. Second

Supplemental A.R.; A.R. 645-646.  In addition, the record contains Dr. Thong's supporting treating notes of his physical examinations.  A.R. 641 (10/8/02); A.R. 642-643 (8/5/03).

The ALJ's second reason – that Dr. Thong's opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record – may be used to discount a treating physician's opinion.  *Orn*, 495 F.3d at 631-32; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (treating physician opinion that is brief, conclusory, and inadequately supported by clinical findings may be rejected).

This reason for discounting Dr. Thong's opinions dated October 22, 2002 and October 1, 2003 is not supported by substantial evidence.  Dr. Thong's October 1, 2003 report refers to the Kurtzke Expanded Disability Status Scale (EDSS), which is a method of quantifying disability in multiple sclerosis.  A.R. 646.  Dr. Thong rates Brown as 3.5, which he describes as "moderate disability - interfering with routine function."  A.R. 646.  Dr. Thong set forth motor ratings of 3/5 for the left upper and lower extremities, and 4/5 for the right upper and lower extremities.  A.R. 645.  Dr. Thong noted decreased dexterity of both hands.  A.R. 645.  Dr. Thong also noted that Brown has an unsteady gait and difficulty with tandem walking, requiring more than 20 seconds to walk 25 feet with excessive fatigue.  Her left extremities have decreased sensation to cold and pinprick.  Brown also has photophobia.  A.R. 646.

One year earlier, Dr. Thong's October 22, 2002 report states that Brown is able to frequently and occasionally lift or carry less than 10 pounds, is able to stand or walk less than 2 hours in an 8 hour workday, is subject to unsteadiness and weak legs, and can sit four hours per workday, with the ability to alternate standing and sitting every hour.  Second Supplemental A.R.  Dr. Thong noted a positive Hoffman's reflex abnormality on the right side, which is also reflected in Brown's medical record in October 2002.  Second Supplemental A.R.; A.R. 641.  Dr. Thong set forth motor ratings of 4/5 on the left upper and lower extremities, 4/5 on the right lower extremity, and 5/5

8

on the right upper extremity, with decreased dexterity of the left hand, which is also noted in the medical record.  Second Supplemental A.R.; A.R. 641.  Dr. Thong noted difficulty with tandem walking, and use of a cane for long distances only.  Second Supplemental A.R.; A.R. 641.  Brown had decreased sensation in the left upper and lower extremities.  Second Supplemental A.R.   Moreover, Dr. Thong's assessment is consistent with another medical source opinion in 2002.  A.R. 628-634 (Brown can occasionally lift 10 pounds, frequently lift less than 10 pounds, and can stand or walk 2 hours per workday as of 2/13/02).

The ALJ's third reason for discounting Dr. Thong's opinion is not supported by substantial evidence.  The ALJ stated that Dr. Thong indicated the need for a cane, whereas the medical expert indicated that Brown uses a cane only for long distances.  A.R. 18.  However, Dr. Thong's October 22, 2002 report expressly stated that a cane is needed only for long distances and not for short distances.  Second Supplemental A.R.  On September 19, 2002, Dr. Smith noted that Brown came to her appointment with a cane.  A.R. 611.  The Court notes that Dr. Thong indicated the use of a cane in the October 1, 2003 report based on the deterioration in Brown's ability to walk at that point in time.  A.R. 646; *see also* A.R. 642-643.

Accordingly, the ALJ did not give specific and legitimate reasons for rejecting Dr. Thong's opinion dated October 22, 2002 and, indeed, did not address Dr. Thong's October 1, 2003 report.  By contrast, the ALJ gave controlling weight to an examining physician, Dr. Maze, who examined Brown on December 14, 2005.  Dr. Maze did not examine Brown's medical records.  She stated that Brown did not have findings suspicious for multiple sclerosis at the time and that Brown "appears in remission."  A.R. 687.  In contrast to Dr. Thong, Dr. Maze did not find reflex asymmetry or impairment to motor and coordination functioning.  *Id.*  Dr. Maze attributed Brown's deficiency in grip strength testing on the left side to the fact that "Brown's level of cooperation appears poor."  *Id.*  As to Brown's gait, Dr. Maze noted only that Brown "ambulates independently" and "is able to stand on heels and toes" without any comment as to

1 | Brown's walk. A.R. 686. Brown performed well on fine motor testing of the hands.
2 | A.R. 687. Dr. Maze opined that Brown would be able to occasionally lift 50 pounds and
3 | frequently lift 25 pounds, and would be able to stand, sit and walk for six hours in an
4 | eight-hour workday. *Id.*

5 | Notwithstanding Dr. Maze's view that Brown did not have findings suspicious for
6 | multiple sclerosis on December 14, 2005, Brown's MRIs showed "findings highly
7 | suspicious for multiple sclerosis with multiple sclerotic plaques throughout the
8 | periventricular region." A.R. 735 (1/4/05); A.R. 746 (periventricular white matter signal
9 | abnormalities compatible with multiple sclerosis on 1/26/06).

10 | Moreover, multiple sclerosis is a progressive disease that is subject to periods of
11 | remission and exacerbation. *See Estes v. Railroad Retirement Board*, 776 F.2d 1436,
12 | 1438 (9th Cir. 1985). Particularly under these circumstances, the opinion of a treating
13 | physician who has seen Brown over a period of time will carry weight over an examining
14 | physician who sees a claimant once during a period of remission. *See Flaten v.*
15 | *Secretary of Health & Human Services*, 44 F.3d 1453, 1462 (9th Cir. 1995)
16 | ("[u]npredictable temporary remissions generally will not be considered indicative of
17 | medical improvement"); *Wilcox v. Sullivan*, 917 F.2d 272, 277 (6th Cir. 1990) (multiple
18 | sclerosis may be disabling notwithstanding intervals of normal activity during periods of
19 | remission). "[I]n evaluating multiple sclerosis, or any other episodic disease,
20 | consideration should be given to the frequency and duration of the exacerbations, the
21 | length of the remissions, and the evidence of any permanent disabilities." *Id.*

22 | Because the ALJ failed to set forth specific and legitimate reasons for rejecting
23 | Dr. Thong's opinions dated October 22, 2002 and October 1, 2003, those opinions must
24 | be credited. *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006). As the
25 | ALJ noted at the hearing, Brown is disabled if Dr. Thong's opinions are credited. A.R.
26 | 846. Because Brown's entitlement to benefits is clear and no useful purpose would be
27 | served by further administrative proceedings, the ALJ's decision is reversed and
28 |

remanded for an award of benefits to be calculated with an onset date of October 22, 2002.  *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2006).

## IV.
## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for an award of benefits beginning October 22, 2002.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: November 20, 2008

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE